UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ROBERT QUACO

              Plaintiff,

-v-

LIBERTY INSURANCE
UNDERWRITERS INC.,

              Defendant.

No. 17-cv-7980 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On September 23, 2018, the Court issued an order (1) granting Plaintiff Robert Quaco's motion for summary judgment and (2) denying Defendant Liberty Insurance Underwriter's ("Liberty's") motion to dismiss. (Doc. No. 36 ("MSJ Order").) The Court is now in receipt of Liberty's motion for reconsideration. (Doc. No. 40.) For the reasons that follow, Liberty's motion is DENIED.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of the case, and repeats them only as necessary to explain its decision on the motion for reconsideration. Quaco served as a principal of 3585 Owner, LLC ("Sponsor"), a company that was charged with constructing and developing a residential property in the Bronx know as Latitude Riverdale Condominiums ("Latitude"). (MSJ Order at 2.) Most of Latitude's unit sales took place between July 21, 2010 and July 10, 2014 (the "Sponsor Control Period"). (*Id.*) On April 1, 2016, Latitude entered into an insurance agreement policy (the "Policy") with Liberty to cover expenses

associated with legal claims made against Latitude and its officers and employees that arose between April 1, 2016 and April 1, 2017.

On October 27, 2016, the Board of Managers of Latitude (the "Board") brought suit against the Sponsor and Quaco (the "Underlying Litigation"). (*Id.* at 3.) Soon thereafter, Quaco filed a claim with Liberty, arguing that he was an insured party under the Policy, and that Liberty therefore had a duty to defend him in the Underlying Litigation.

Liberty rejected this demand, prompting Quaco to bring suit in New York State Supreme Court, New York County on September 14, 2017. That case was removed to this Court. (*Id.* at 4.) After Liberty filed a motion to dismiss (Doc No. 26) and Quaco filed a motion for summary judgment (Doc. No. 27), the Court granted summary judgment in favor of Quaco and closed the case.

On October 9, 2018, Liberty filed (1) a motion for reconsideration pursuant to Local Rule 6.3, (2) a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and, alternatively, (3) a motion to clarify the scope of the judgment pursuant to Federal Rule of Civil Procedure 60(a). (Doc. No. 41 ("Mot.") at 1–2.) Quaco opposed the motions on October 30, 2018 (Doc. No. 45 ("Opp'n")), and the motions were fully briefed on November 8, 2018 (Doc. No. 46).

## II. LEGAL STANDARD

"A motion for reconsideration . . . 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Atl. Recording Corp. v. BCD Music Grp., Inc.*, No. 08-cv-5201 (WHP), 2009 WL 2046036, at *1 (S.D.N.Y. July 15, 2009) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion

for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Atl. Recording*, 2009 WL 2046036, at *1 (quoting *Colodney v. Continuum Health Partners, Inc.*, No. 03-cv-7276 (DLC), 2004 WL 185768, at *1 (S.D.N.Y. Aug. 18, 2004)). Importantly, a motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07-cv-2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (citation omitted); *accord Kahala Corp. v. Holtzman*, No. 10-cv-4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001)).

III. DISCUSSION

A. Motion for Reconsideration

Liberty principally makes two arguments in support of its motion for reconsideration. First, Liberty asserts that the MSJ Order "cannot be reconciled" with certain exclusionary provisions of the Policy – which, they suggest, excuses them from a duty to defend Quaco in the Underlying Litigation. (Mot. at 1.) Second, Liberty argues that the Court granted summary judgment on grounds not raised by Quaco, thereby violating Federal Rule of Civil Procedure 56(f). (Mot. at 7.)

As to the first contention, Liberty argues that the broad language of the exclusionary provisions of the Policy – which, in part, exclude any claim "based upon, arising from, or in any way related to" "any Construction Defect" or "any actual or alleged liability of an Insured affiliated with . . . [a] sponsor, and which is related to actual or alleged misconduct on the part of such . . .

3

sponsor" (MSJ Order at 3) – exclude Quaco from coverage. The Court has already rejected this argument. As the Court noted in the MSJ Order, paragraph 118(b) of the amended complaint in the Underlying Litigation (the "Underlying Amended Complaint") levies a claim against Quaco *individually* for conduct after the Sponsor Control Period terminated. In other words, "paragraph 118 sets forth a breach of fiduciary duty by Quaco himself" (MSJ Order at 9); the claim is not based upon "actual or alleged misconduct on the part of . . . [the] sponsor," which § 4.12 of the Policy requires for exclusion.

Indeed, Liberty acknowledges this conclusion, and instead asks the Court to ignore the allegation as a "stray" one that does not accord with "the gravamen of the underlying lawsuit." (Mot. at 5.) But "[w]hen an exclusion clause is relied upon to deny coverage, the burden rests upon the insurance company to demonstrate that the allegations of the complaint can be interpreted *only* to exclude coverage." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 779 N.Y.2d 167, 170 (N.Y. 2002) (emphasis added). To isolate and then ignore the allegation in paragraph 118 would lighten Liberty's "heavy burden" to demonstrate that "the allegations of the complaint cast the pleadings *wholly* within that exclusion," and that "the exclusion is subject to no other reasonable interpretation." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 690 N.Y.2d 866, 868 (N.Y. 1997). At most, Liberty's argument suggests ambiguity as to whether Liberty has a duty to defend Quaco – but "[a]ny ambiguity as to the insurer's duty to defend is resolved in favor of the insured." *Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004). Thus, even setting aside that a motion for reconsideration may not be used "as a vehicle for re-litigating issues already decided by the Court," *Am. ORT, Inc.*, 2009 WL 233950 at *3, the Court adheres to its conclusion based upon the language of the Policy and the

4

allegations set forth in the Underlying Amended Complaint that paragraph 118(b) alleges a breach of duty by Quaco that is not covered by any exclusion.

Liberty next argues that the Court erred by "grant[ing] summary judgment on grounds not raised in [Quaco's] brief" in contravention of Federal Rule of Civil Procedure 56(f). (Mot. at 7.) The Court disagrees with Liberty that it granted summary judgment on grounds not raised by Quaco. Moreover, even if Liberty were correct, Liberty now furnishes the Court with the arguments it would have raised – none of which, even on *de novo* review by this Court, points to a genuine dispute of material fact that would preclude summary judgment.

As to the first point, Liberty was well aware of the basis for Quaco's motion for summary judgment – the motion itself asserted in no uncertain terms that "Exclusions 4.11 and 4.12 cited by [Liberty] . . . do not apply to Liberty's disclaimer of insurance under [the Policy]" and that "Liberty has a duty . . . to pay for the defense and provide coverage for Quaco in connection with [the Underlying Litigation]." (Doc. No. 27.) Although Quaco's brief focused on paragraph 118(a), Liberty was very much aware that paragraph 118 as a whole was the linchpin of Quaco's claim. (See Dec. 14, 2017 Transcript of Pre-Motion Conference ("Tr.") at 6:19 ("[LIBERTY]: [W]here we sort of differ on is paragraph 118.").). In support of its argument, Liberty cites a single published Second Circuit case, *Willey v. Kirkpatrick*, 801 F.3d 51 (2d Cir. 2015), but *Willey* actually hurts, rather than helps, their cause. There, the Circuit reversed when the district court granted summary judgment on an entirely different *legal claim* – a claim of unsanitary conditions of confinement under 42 U.S.C. § 1983 – despite defendants having only moved for summary judgment on plaintiff's other claims, which included allegations of harassment and destruction of property. Since these other claims rested on entirely different factual bases and required proving separate elements, the Circuit concluded that the district court had violated Rule 56(f) by granting

5

summary judgment on the unsanitary conditions of confinement claim. Of course, in the instant case, Quaco sought summary judgment on *exactly* the legal claim the Court addressed in its summary judgment ruling – whether the Underlying Amended Complaint triggered Liberty's duty to defend. In sum, it is sufficiently clear from the record that Quaco sought summary judgment on the basis that paragraph 118 triggered Liberty's duty to defend.

But even if it could be argued that Liberty was unaware of the basis for Quaco's summary judgment motion, Liberty provides the Court with the defenses it intends to raise in response to the argument that paragraph 118(b) triggers their duty to defend. (Mot. at 8.) Even taking a fresh look at these arguments, and considering the issue *de novo*, the Court is persuaded that judgment in Quaco's favor is proper. First, Liberty cites to exclusion § 4.1(c) in the Policy, which states that the Policy "does not apply to any Claim made against any Insured for . . . damage to, destruction of, or loss of use of any tangible property." (Doc. No. 19 § 4.1(c).) However, this exclusion is wholly inapposite: Paragraph 118 of the Underlying Amended Complaint alleges that Quaco "engaged in various conduct in breach of his fiduciary duty," and paragraph 118(b) specifies that he committed this breach by inappropriately installing an HVAC machine in a commercial unit without prior approval. This has nothing to do with the destruction of property.

Second, Liberty cites to exclusion § 4.8 in the Policy, which excludes claims "based upon, arising from, or in any way related to an Insured . . . serving as a director, officer, trustee, regent, governor, volunteer, employee, or similar position of any entity other than the Insured Organization." Once again, however, paragraph 118 alleges breaches of fiduciary duty by Quaco in his *individual* capacity, after the Sponsor Control Period terminated. Nowhere in paragraph 118(b) is there an allegation that Quaco's actions were "based upon," "ar[o]s[e] from," or were "related to" his service as a director or officer of the Sponsor, and certainly nothing that meets

6

Liberty's "heavy burden" to demonstrate that "the allegations of the complaint cast the pleadings *wholly* within that exclusion," and that "the exclusion is subject to no other reasonable interpretation." *Frontier Insulation Contractors, Inc.*, 690 N.Y.2d at 868–89. Moreover, any ambiguity is resolved in favor of Quaco. *Int'l Bus. Machines Corp.*, 363 F.3d at 144. Thus, this exclusion is unavailing.

Finally, Liberty suggests that paragraph 118, and the description of Quaco's conduct in paragraph 118(b), does not constitute a "Claim" as defined in the Policy. This argument is deficient on its face. The Policy defines a "Claim" as "the commencement of a civil or criminal judicial proceeding or arbitration against an Insured." (Doc. No. 19 § 23.3(b).) Paragraph 118(b) is part of the fourth cause of action levied against Quaco in the Underlying Amended Complaint. No one disputes that Quaco qualifies as an "Insured" under the Policy. Each cause of action clearly constitutes part of the "Claim" against Quaco. Therefore, paragraph 118(b) comprises part of a "Claim."

Indeed, Liberty admitted in its opposition to Quaco's motion for summary judgment that there were *no factual disputes* in this case at all, stating "[t]o be perfectly clear . . . by opposing Quaco's cross-motion for summary judgment, Liberty is not suggesting that there are material issues of fact that would preclude this Court from granting Liberty's motion to dismiss." (Doc. No. 32 at 16.) Put differently, Liberty acknowledged that the limited record in this case – that is, the Policy and the Underlying Amended Complaint – was all the Court needed to rule on the dueling motions. (Tr. at 7:25–8:2 ("THE COURT: You're saying I can get all I need out of the [Underlying] [A]mended [C]omplaint, and there's no reason to go beyond that? [LIBERTY]: Correct. And there's attachments [i.e., the Policy] to the complaint as well, too, that we would contend could be considered.").) This was not a case where a party "had no opportunity to offer

evidence of a dispute as to an issue of material fact." *Nick's Garage, Inc. v. Nationwide Mut. Ins. Co.*, 715 F. App'x 31, 34 (2d Cir. 2017). To the contrary, Liberty repeatedly acknowledged that there were no factual disputes at all – only legal disputes over the scope of the Underlying Amended Complaint and the language of the Policy. Accordingly, for all of the foregoing reasons, even if the Court granted summary judgment on grounds not raised by Quaco, "[f]urther briefing would [have been] futile and would not alter the outcome." *Gomez v. MLB Enterprises, Corp.*, No. 15-cv-3326 (CM), 2018 WL 3019102, at *9 (S.D.N.Y. June 5, 2018).

### B. Motion for Clarification

Liberty also requests that the Court clarify whether the Court's grant of summary judgment in favor of Quaco "extends to the request in Quaco's cross-motion for his attorneys' fees." (Mot. at 8.) In his amended complaint in this action, Quaco seeks to recover reasonable attorneys' fees expended in litigating this case. (Doc. No. 11 ¶ 61.) Although the Court's judgment is clear that Liberty owes Quaco a duty to defend him in the Underlying Litigation, and accordingly must cover the costs and fees expended by Quaco in the Underlying Litigation, the Court has not yet ruled on whether Quaco is entitled to recover attorneys' fees in this action. Quaco admits he did not raise this request in his summary judgment briefing. (Opp'n at 17.) As a result, by August 16, 2019, the parties shall file a joint letter explaining whether they wish to brief that issue, or whether they have reached an agreement on that issue.

### IV. CONCLUSION

For the reasons stated above, Liberty's motion for reconsideration and motion to amend the judgment are DENIED. The Clerk of the Court is directed to terminate the motion pending at Doc. No. 40. IT IS HEREBY ORDERED THAT, by August 16, 2019, the parties shall file a joint

letter explaining whether they wish to brief Quaco's request for attorneys' fees, or whether they have reached an agreement with respect to that claim.

SO ORDERED.

Dated: August 5, 2019
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation